UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAMUEL ABDUL,

        Plaintiff,

v.

BAYVIEW ASSET MANAGEMENT, LLC, *et al.*,

        Defendants.

**ORDER**
23-CV-07793 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this *pro se* action on October 18, 2023, asserting Defendants wrongfully adjudged Plaintiff's property to be "Abandoned and Vacant" and unlawfully broke onto, and took control of, Plaintiff's property. ECF No. 1 at 14 (Complaint). Plaintiff also alleges Defendants caused damage to, unlawfully burglarized, unlawfully invaded and searched, unlawfully photographed, and unlawfully trespassed onto Plaintiff's property. *Id.* at 15. Since Plaintiff filed his affidavits of service on January 16, 2024, he has not participated in this case. ECF No. 6 (Affidavits of Service). Each Defendant in this case subsequently filed a letter requesting a pre-motion conference to discuss their proposed motions to dismiss Plaintiff's complaint. *See* ECF Nos. 7, 11, 16-2. On February 5, 2024, the Court directed Plaintiff to file a responsive letter that complies with Section IV.A of the Court's Individual Practices on or before February 20, 2024, which shall address, among other things, whether Plaintiff believes the complaint can be amended to address the issues raised in Defendants' letters. *See* February 5, 2024, Text Order. When Plaintiff failed to do so, the Court *sua sponte* granted Plaintiff an extension to file a response on or before March 5, 2024. *See* ECF No. 18. The Court warned Plaintiff that "failure timely to respond to Defendants' letters may result in the Court converting Defendants' letters into the motions themselves and deeming them unopposed. Failure to timely

respond to Defendants' letters may also result in the Court dismissing Plaintiff's complaint for failure to prosecute the action." *Id.* at 1 (citing Fed. R. Civ. P. 41(b)). When Plaintiff failed to file a responsive letter a second time, the Court *sua sponte* granted Plaintiff a second extension to file a response on or before March 27, 2024. ECF No. 19. The Court again warned Plaintiff that "[f]ailure to timely respond to Defendants' letters will result in the Court dismissing Plaintiff's complaint for failure to prosecute the action." *Id.* at 1 (citing Fed. R. Civ. P. 41(b)).

It has been three months since Plaintiff has participated in this case. ECF No. 6. Additionally, two weeks have passed since Plaintiff's third deadline to respond to Defendants' premotion conference letters, and Plaintiff has still not filed any response, despite the Court providing Plaintiff two *sua sponte* extensions. ECF Nos. 18, 19. Under these circumstances, dismissing Plaintiff's claims with prejudice is appropriate. When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1]

Each of the relevant factors favors dismissal. As described above, the Court unambiguously warned Plaintiff twice that his claims would be dismissed if he failed to file a letter in response to Defendants' premotion conference letters. ECF Nos. 18, 19. Although it has been about two weeks since Plaintiff's noncompliance with the most recent Order, Plaintiff

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

has not participated in this case since January 16, 2024.[2]  Defendants would be prejudiced by being forced to attempt to disprove the claims of a party that has been nonresponsive and is unlikely to participate in discovery.  Similarly, the Court has an interest in eliminating this case from its docket, rather than keeping it open for the benefit of a party who has shown no interest in participating in the case for three months.  "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts."  *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)).

Finally, I have considered imposing less drastic sanctions, such as monetary sanctions.  But since warning Plaintiff that the case may be dismissed has not triggered Plaintiff's participation, "there is no reason to believe that a lesser sanction would be effective."  *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored an order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims").  Plaintiff's failure to participate in this case for three months and Plaintiff's disregard for the Court's Orders indicates that Plaintiff is unlikely to resume participating in this case in response to discovery sanctions or civil contempt penalties.

## **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b).  The Clerk of Court is respectfully directed to enter judgment and to close this case.  The Court's staff will mail to Plaintiff's last known address a

---

[2] The Court has no reason to believe that Plaintiff is not receiving the Court's Orders in this case as the Court's staff has mailed (a) its Orders directing Plaintiff to file responsive letters, (b) copies of the Court's Individual Practices, and (c) copies of Defendants' premotion conference letters to Plaintiff at the address Plaintiff provided the Court.  *See* February 5, 2024, Text Order, ECF No. 18; ECF No. 19.

copy of this Order and the eventual judgment, along with copies of the unpublished decisions referenced in this Order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                                           */s/ Hector Gonzalez*
                                                           HECTOR GONZALEZ
                                                           United States District Judge

Dated: Brooklyn, New York
        April 10, 2024